UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MORALEZ,

       Plaintiff,                                    Hon. Paul L. Maloney

v.                                                    Case No. 1:19-cv-1078

MICHIGAN EMPLOYMENT
RELATIONS COMMISSION,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff initiated this action on December 23, 2019, against Michigan Employment Relations Commission (MERC). (ECF No. 1). On December 30, 2019, plaintiff was permitted to proceed as a pauper. (ECF No. 5). The Court has reviewed his complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. For the reasons articulated herein, the undersigned recommends that plaintiff's complaint be dismissed.

    A claim must be dismissed if the factual allegations, deemed true, are insufficient "to raise a right for relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Moreover, the Court need not accept as true factual allegations that are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

In his complaint, Plaintiff details his disagreement with previous decisions and orders issued in various other matters in this Court and elsewhere. But, Plaintiff has failed to allege any facts that state a claim over which this Court has jurisdiction. Plaintiff has, therefore, failed to demonstrate entitlement to relief in this matter.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2). The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

Respectfully submitted,

Dated: January 10, 2020            /s/ Phillip J. Green
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIvR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).